UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR DALFIO, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>P.I.D. UNIVERSITY, INC., a California Corporation; DOES 1 to 10,<br><br>                              Defendants. | Case No.: 21cv911-CAB-JLB<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM** |

The complaint in this action asserts one claim under federal law for violation of the Americans with Disabilities Act ("ADA"), along with a claim for violation of California's Unruh Act. The complaint asserts jurisdiction based on the existence of a federal question (the ADA claim), and supplemental jurisdiction over the state claim.

Federal courts have the discretion to exercise supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts may decline to exercise supplemental jurisdiction over a claim if: (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over

1

which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The Supreme Court has identified additional factors that district courts should consider when deciding whether to exercise supplemental jurisdiction, "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs*[1] values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted). A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478–79 (9th Cir. 1998) (citation omitted).

Here, the complaint states a federal claim for violation of the ADA, along with a state law claim for violation of the Unruh Act. As a result, while the ADA does not entitle a plaintiff to recover damages, the complaint seeks statutory damages under the Unruh Act. Meanwhile, the same injunctive relief available under the ADA is also available under the Unruh Act. *See Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) (noting that "[i]t is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act."). Thus, the state claim and the issues related thereto substantially predominate over the ADA claim, which appears to be a secondary claim included to justify filing the complaint in this Court, rather than a necessary (let alone predominant) claim in this lawsuit. *See Rutherford v. Ara Lebanese Grill*, No. 18-CV-01497-AJB-WVG, 2019 WL 1057919, at *3 (S.D. Cal. Mar.

---

[1] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

6, 2019) (declining supplemental jurisdiction over Unruh Act claim because Unruh Act claim substantially predominated over ADA claim).

In addition, the important interest of comity supports declining jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that comity is a factor to be considered before exercising supplemental jurisdiction). California has a strong interest in protecting its citizens and businesses from abusive litigation and also in preventing its own laws from being misused for unjust purposes. In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act. *See* Cal. Civ. Proc. Code § 425.50[2]; SB 1186, Chapter 383 § 24 (Ca. 2012). Over the past month, Plaintiff has filed 19 disability discrimination cases in this court. Accordingly, the need for California's procedural protections appears particularly acute.

Finally, "federal courts may properly take measures to discourage forum shopping." *Rutherford v. Econolodge*, No. 18CV1471-LAB (JMA), 2019 WL 950329, at *3 (S.D. Cal. Feb. 27, 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 467–68 (1965)); *Schutza v. Cuddeback*, 262 F. Supp. 3d at 1031 (holding that plaintiff who had filed numerous ADA actions in federal court was engaging in forum shopping "to avoid California's heightened pleading requirements for disability discrimination claims."). "[I]t would be improper to allow Plaintiff to use the federal court system as a loophole to evade California's pleading requirements." *Rutherford v. Ara Lebanese Grill*, 2019 WL 1057919, at *5. "Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's [state law claims]." *Schutza v. Cuddeback*, 262 F. Supp. 3d at 1031.

---

[2] Under the Unruh Act a plaintiff alleging disability discrimination must include in her complaint: (1) an explanation of the specific access barrier or barriers encountered; (2) the way in which the barrier denied the individual full and equal access, or in which it deterred the individual on each particular occasion. (3) the date/s when the claimant encountered the specific barriers. The section also contains additional requirements for high-frequency litigants. Cal. Civ. Proc. Code § 425.50.

In sum, because (1) Plaintiff's state law claim predominates over his federal claim under the ADA, and (2) the interests of comity and discouraging forum shopping constitute exceptional circumstances, the Court sua sponte declines supplemental jurisdiction over claim two in the complaint. Plaintiff's second claim for violation of the Unruh Civil Rights Act is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

It is **SO ORDERED**.

Dated: May 13, 2021

Hon. Cathy Ann Bencivengo
United States District Judge